IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | | |
|---|---|---|
| PAULA FRANKLIN and HALEIGH LOWERY, | ) ) ) | |
| Plaintiffs, | ) ) | |
| v. | ) ) | CASE NO.: 2:16-cv-206-GMB |
| DAVID HUBBARD, *et al.*, | ) ) | |
| Defendants. | ) ) | |

**MEMORANDUM OPINION AND ORDER**

Before the court is Defendant John Shearon's Motion to Dismiss or in the Alternative Motion for Summary Judgment and Defendant Chilton County's Motion to Dismiss Plaintiffs' Second Amended Complaint. Doc. 27. For the reasons stated herein, the court finds that the motion is due to be GRANTED.

**I. STATEMEMNT OF FACTS**

On March 28, 2016, Plaintiffs Paula Franklin and Haleigh Lowery (collectively, "Plaintiffs") filed this action against Defendants Chilton County (the "County"), Chilton County Board of Education (the "County BOE"), David Hubbard, and Sheriff John Shearon ("Sheriff Shearon") (collectively, "Defendants"). Doc. 1. This case arises out of Hubbard's alleged illicit sexual relationships with Franklin and Lowery, both of whom were minors at the time of the events giving rise to this lawsuit. Doc. 20. Hubbard was a Deputy Sheriff for the Chilton County Sheriff's Department and later a substitute teacher and School Resource Officer for the County BOE. Doc. 20. Franklin alleges that she

engaged in a sexual relationship with Hubbard after he was called to her home on a domestic disturbance complaint and that he provided her with alcohol on multiple occasions. Doc. 20 at 3.  Lowery alleges that Hubbard used his positions as School Resource Officer and substitute teacher to make "sexual overtures" and "advances" towards her at school and that he sent her text messages outside of school hours. Doc. 4. Lowery claims that, for approximately one year, Hubbard would also provide her with alcohol and the two would engage in sexual acts. Doc. 20 at 4.

Plaintiffs' second amended complaint alleges that Sheriff Shearon, the County, and the County BOE had knowledge of Hubbard's conduct and "did nothing to stop or prevent Defendant Hubbard from continuing these relationships while in their employment." Doc. 20 at 5.  Plaintiffs assert claims under Alabama law for outrage and negligence, as well as a Fourth Amendment claim under 42 U.S.C. § 1983, against all Defendants. Doc. 20. Plaintiffs further allege state-law claims for sexual assault and contributing to the delinquency of minors against Hubbard. Doc. 20.

On June 27, 2016, Sheriff Shearon and the County jointly moved to dismiss or, alternatively, for summary judgment on Plaintiffs' second amended complaint. Docs. 27 & 28.  Sheriff Shearon seeks dismissal of the claims against him because he was not the Sheriff of Chilton County at the time of the alleged events. Doc. 28.  The County seeks dismissal of the claims against it because Hubbard was not employed by the County and because the County does not control the Chilton County Sheriff's Department or the County BOE. Doc. 28.

## II.  DISCUSSION

A. **Sheriff Shearon**

The court construes Sheriff Shearon's motion as one for summary judgment, rather than dismissal under Federal Rule of Civil Procedure 12(b)(6), because Sheriff Shearon submitted, and the court considered, matters outside of the pleadings (specifically, an affidavit).[1]  Accordingly, the court will consider Sheriff Shearon's motion under the summary-judgment standard of review.

Summary judgment is appropriate "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a).  The moving party "always bears the initial responsibility of informing the district court of the basis for its motion, and identifying those portions of the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, which it believes demonstrate the absence of a genuine [dispute] of material fact." *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986) (internal quotation marks omitted).

In responding to a properly supported motion for summary judgment, the non-moving party "must do more than simply show that there is some metaphysical doubt as to the material fact." *Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986).  If the evidence is "merely colorable, or is not significantly probative,

---

[1] Once the court considers matters outside pleadings, a Rule 12(b)(6) motion to dismiss is converted into a motion to summary judgment pursuant to Federal Rule of Civil Procedure 56. *Garcia v. Copenhaver, Bell & Assocs.*, 104 F.3d 1256, 1266 n.11 (11th Cir. 1997).

3

summary judgment may be granted." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 249–50 (1986) (internal citations omitted). "However, disagreement between the parties is not significant unless the disagreement presents a genuine [dispute] of material fact." *Gamble v. Pinnoak Resources, LLC*, 511 F. Supp. 2d 1111, 1122 (N.D. Ala. 2007) (internal quotation marks omitted). A factual dispute is genuine when "the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Anderson*, 477 U.S. at 248.

Finally, when a district court considers a motion for summary judgment, all evidence and inferences must be viewed in the light most favorable to the non-moving party. *Graham v. State Farm Mut. Ins. Co.*, 193 F.3d 1274, 1282 (11th Cir. 1999). "The court must avoid weighing conflicting evidence or making credibility determinations. Instead, '[t]he evidence of the non-movant is to be believed, and all justifiable inferences are to be drawn in his favor.'" *Gamble*, 511 F. Supp. 2d at 1122 (quoting *Steward v. Booker T. Washington Ins. Co.*, 232 F.3d 844, 848 (11th Cir. 2000)). "Where a reasonable fact finder may draw more than one inference from the facts, then the court should refuse to grant summary judgment." *Id.* (internal quotation marks and citation omitted).

Sheriff Shearon argues that Plaintiffs' claims against him should be dismissed because he was not the Sheriff of Chilton County at the time of the events giving rise to the complaint. Doc. 28 at 9–10. Sheriff Shearon submitted an affidavit stating that his term as Sheriff of Chilton County began on January 20, 2015, and that he was not the Sheriff of Chilton County "[a]t the time made the subject of the Plaintiffs' Complaint." Doc. 28-1. Plaintiffs do not oppose Sheriff Shearon's motion or otherwise dispute his testimony. Doc.

4

32. Accordingly, the court finds that Sheriff Shearon's motion for summary judgment is due to be granted.

**B.    Chilton County**

The County is seeking dismissal of Plaintiffs' claims against it under Federal Rule of Civil Procedure 12(b)(6).  A complaint should be dismissed if the facts as pleaded do not state a claim for relief that is plausible on its face. *See Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009) (explaining that "only a complaint that states a plausible claim for relief survives a motion to dismiss"); *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 561, 570 (2007) (retiring the prior "unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim" standard).  In *Twombly*, the Supreme Court emphasized that a complaint "requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 555 (citing *Papasan v. Allain*, 478 U.S. 265, 286 (1986)).  Factual allegations in a complaint need not be detailed but "must be enough to raise a right to relief above the speculative level . . . on the assumption that all the allegations in the complaint are true (even if doubtful in fact)." *Twombly*, 550 U.S. at 555 (internal citations omitted).  In reviewing a motion to dismiss, the court must also accept well-pleaded facts as true but is not required to accept a plaintiff's legal conclusions. *See Iqbal*, 556 U.S. at 664.  Indeed, in evaluating the sufficiency of a complaint, the court must indulge reasonable inferences in the plaintiff's favor but is "not required to draw plaintiff's inference." *Aldana v. Del Monte Fresh Produce, N.A., Inc.*, 416 F.3d 1242, 1248 (11th Cir. 2005).

### 1. *Respondeat Superior*

Plaintiffs' second amended complaint brings claims against Chilton County under a theory of respondeat superior liability. The County maintains that it is not subject to respondeat superior liability as a matter of law because deputy sheriffs like Hubbard are not County employees. Doc. 28 at 7. Plaintiffs "do not oppose Chilton County's motion to dismiss [Plaintiffs'] claims alleging that Chilton County is responsible for the actions of either the Chilton County Sheriff or deputy Sheriff, or the Chilton County Board of Education." Doc. 32 at 2. Thus, Plaintiffs' claims against the County are due to be dismissed to the extent they rely on respondeat superior as a theory of liability.

### 2. *Negligence*

Plaintiffs assert that they have an independent claim of negligence against the County, stating:

> Plaintiffs do, however, oppose dismissal of the claim that Chilton County owed a duty to Plaintiffs because Chilton County knew, or should have known, that deputy David Hubbard was committing inappropriate acts with minors, and failed or refused to take any action despite having that knowledge, thereby breaching that duty.

Doc. 32 at 2. Thus, the sole basis for this claim is that the County knew or should have known about Hubbard's conduct and failed to take any action to stop it. *See* Doc. 20. This claim is due to be dismissed because Plaintiffs have not pleaded a prima facie case for negligence against Chilton County.

To establish negligence under Alabama law, a plaintiff must prove, first and foremost, "a duty to a foreseeable plaintiff." *Martin v. Arnold*, 643 So. 2d 564, 567 (Ala. 1994). Plaintiffs have not alleged any facts upon which the court could conclude that the

6

County owed them a duty when it did not employ Hubbard and had no control over either the Chilton County Sheriff's Department or the County BOE. *See* Doc. 20. Because Plaintiffs have alleged no facts that plausibly support the existence of a duty, they have failed to establish a plausible claim for negligence against the County, and that claim is due to be dismissed.

### 3. Remaining Claims

Although Chilton County's motion moves for dismissal of all claims against it, the County does not specifically address Plaintiffs' claim of outrage or their Fourth Amendment claim in its motion.[2] Still, the court will address these claims, as Plaintiffs maintain these claims against the County.

Outrage, an intentional tort, "is essentially equivalent to what many states refer to as 'intentional infliction of emotional distress.'" *K.M. v. Ala. Dept. of Youth Services*, 360 F. Supp. 2d 1253, 1259 (M.D. Ala. 2005). To state a claim for outrage in Alabama:

> (1) the defendant must have intended to inflict emotional distress, or should have known that his or her acts would result in emotional distress, (2) the act must be extreme and outrageous, (3) the act must have caused plaintiff's distress, and (4) plaintiff's emotional distress must have been so severe that no reasonable person could be expected to endure it.

*Id.* The Alabama Supreme Court has explained that "recovery is appropriate for only 'conduct so outrageous in character and so extreme in degree as to go beyond all possible bounds of decency, and to be regarded as atrocious and utterly intolerable in a civilized

---

[2] The County's motion argues solely that it cannot be held vicariously liable for Hubbard's acts because it did not employ Hubbard and has no control over the Count BOE or Sheriff's Department. *See* Doc. 28. Similarly, while Plaintiffs address their independent negligence claim against the County, they do not discuss any of their remaining claims against the County in their reply. *See* Doc. 32.

7

society.'" *Palmer v. Infosys Tech. Ltd. Inc.*, 888 F. Supp. 2d 1248, 1254 (M.D. Ala. 2012) (quoting *American Rd. Serv. Co. v. Inmon*, 394 So. 2d 361, 365 (Ala. 1980)).  Thus, in Alabama, "outrage is an extremely limited cause of action." *Potts v. Hayes*, 771 So. 2d 462, 465 (Ala. 2000).  In fact, the Alabama Supreme Court has recognized the tort of outrage in only three types of cases: "(1) wrongful conduct in the family-burial context; (2) barbaric methods employed to coerce an insurance settlement; and (3) egregious sexual harassment." *Little v. Robinson*, 72 So. 3d 1168, 1172 (Ala. 2011) (internal citations omitted).

Accepting the factual allegations in the second amended complaint as true and in the light most favorable to the Plaintiffs, Plaintiffs have not established an outrage claim against the County.  Plaintiffs have not alleged any act or omission by the County that would qualify as outrage under Alabama law.  This claim is therefore due to be dismissed.

Plaintiffs also have not stated a viable Fourth Amendment claim against the County under 42 U.S.C. § 1983.  "A county is 'liable under section 1983 only for acts for which the county is actually responsible.'" *Grech v. Clayton Cnty., Ga.*, 335 F.3d 1326, 1329 (11th Cir. 2003) (quoting *Marsh v. Butler Cnty.*, 268 F.3d 1014, 1027 (11th Cir. 2001)).  To establish § 1983 liability, a plaintiff must identify a governmental policy or custom that directly caused the injury at issue. *Grech*, 335 F.3d at 1329.  A plaintiff can demonstrate a policy or custom in two ways: by identifying either "(1) an officially promulgated county policy or (2) an unofficial custom or practice of the county shown through the repeated acts of a final policymaker for the county." *Id.* (internal citations omitted).  Plaintiffs have done neither here.  Plaintiffs have not identified a County custom or policy that directly caused

8

Hubbard's alleged conduct, nor have they demonstrated that the County had any authority over the governmental function at issue—namely the operation of the sheriff's department and supervision of its deputies.  Thus, Plaintiffs have no plausible § 1983 claim against the County.

### III.  CONCLUSION

Based on the foregoing, it is ORDERED that Defendant John Shearon's Motion to Dismiss or in the Alternative Motion for Summary Judgment and Defendant Chilton County's Motion to Dismiss Plaintiffs' Second Amended Complaint (Doc. 27) is GRANTED.  The claims against Defendant Chilton County are dismissed with prejudice, and the court enters summary judgment in favor of Defendant John Shearon and against Plaintiffs on all claims stated against him.

DONE this 13th day of October, 2016.

                                                   /s/ Gray M. Borden
                                     UNITED STATES MAGISTRATE JUDGE